# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
June 20, 2000 Session

# STATE OF TENNESSEE v. JEFFREY ENGLISH

**Appeal as of Right from the Criminal Court for Williamson County**
**No. II-1298-401-A     Timothy L. Easter, Judge**

---

**No. M1999-02495-CCA-R3-CD - Filed November 22, 2000**

On December 14, 1998, a Williamson County Grand Jury returned presentments charging Jeffrey English, the defendant and appellant, with three counts of aggravated robbery and one count of aggravated assault. The defendant pled guilty to three counts of aggravated assault. At a subsequent sentencing hearing, the defendant also pled true to violating the probation he was on at the time of the instant offenses. Following the hearing, the trial court sentenced the defendant to sixteen years for each count of aggravated robbery. His probation was revoked and he was sentenced to serve eight years for the prior aggravated robbery. The court ordered the defendant to serve all four sentences consecutively. On appeal, the defendant argues that his sentence is excessive. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court of Williamson County is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and JOHN EVERETT WILLIAMS, J., joined.

Gene Honea, Assistant Public Defender, Franklin, Tennessee, attorney for the appellant, Rhonda Jennings.

Paul G. Summers, Attorney General and Reporter, Lucian D. Geise, Assistant Attorney General, and Ron Davis, District Attorney General, Jeff Burks, Assistant District Attorney, attorneys for the appellee, State of Tennessee.

## OPINION

### Factual Background

The defendant pled guilty to robbing three convenience stores at gunpoint with an

accomplice.  At a subsequent sentencing hearing, the state introduced a presentence report and a victim impact statement as exhibits.  At the sentencing hearing the defendant told the court that he and a codefendant had robbed the three stores and stolen a total of approximately five-thousand dollars.  When questioned about the presentence report, the defendant admitted that he had prior convictions for aggravated robbery, burglary, simple assault and possession of cocaine.  He also admitted that he was on probation for a prior aggravated robbery when he committed the robberies for which he was being sentenced.   The defendant testified that the aggravated robberies in the instant cases were a result of two factors: the drug habit he had acquired when he was twelve years old and his desire to impress his codefendant.  The defendant told the court that he was sorry for what he had done, and that he took responsibility for his actions.

The defendant further testified that he was born in Chicago but moved to Middle Tennessee when he was eighteen to escape Chicago's gang culture.  Since coming to Tennessee, the defendant had a variety of jobs, the longest of which was at a McDonald's restaurant.  The defendant worked at McDonald's sporadically over a two-year period; the total time he spent working there was approximately one year.  Although he changed jobs frequently, the defendant testified that he had worked continuously since coming to Tennessee.

Sharon Smithson, the only other witness at the sentencing hearing, testified for the defense.  Ms. Smithson had been the defendant's supervisor at McDonald's.  She testified that the defendant worked intermittently, but that he was a hard worker and she would hire him again if she could.

Following the testimony, the trial court found the defendant to be a Range II, multiple offender.  The court ordered the defendant to serve three sixteen-year sentences consecutively to each other and to an eight-year term on the previously suspended aggravated robbery sentence.  The total effective sentence was fifty-six years.

## Sentencing

The defendant claims that his sentence is excessive.  Specifically, he claims that the trial court misapplied enhancement factors, failed to consider certain mitigating evidence, inappropriately ordered consecutive sentences, and ignored general sentencing principles.

## Standard of Review

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct.  Tenn. Code Ann. § 40-35-401(d).  However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence even if we would prefer a different result.  State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).  In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).  The defendant bears the burden of showing the impropriety of the sentence imposed.  State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App.

1993).

## Trial Court's Findings

Following the testimony, the court found the defendant to be a Range II, multiple offender. The court then found that the following enhancement factors applied: (1) that the defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(1); (2) that the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, id. § 40-35-114(8); and (3) that the felonies were committed while the defendant was on probation from a prior felony conviction. Id. § 40-35-114(13)(C). The court found only one mitigating factor, that the defendant assisted the authorities in the apprehension of his codefendant. Id. § 40-35-113(9). Thus, the court sentenced the defendant to sixteen years for each count.

The trial court also found that the defendant (1) was a professional criminal who had knowingly devoted his life to criminal acts as a major source of livelihood, id. § 40-35-115(b)(1); (2) was an offender whose record of criminal activity was extensive, id. § 40-35-115(b)(2); (3) was a dangerous offender, id. § 40-35-115(b)(4); and (4) was on probation when he committed the offenses for which he was being sentenced. Id. § 40-35-115(b)(6). Accordingly, the court ordered the defendant to serve all three sentences consecutively to each other and to the eight-year sentence for violating probation. The total effective sentence was fifty-six years.

## Length of Sentence

The defendant first contests the length of his sixteen-year sentences. The defendant pled guilty to three counts of aggravated robbery, a Class B felony. Tenn. Code Ann. § 39-13-402(b). The sentencing range for a Range II offender convicted of a Class B felony is between twelve and twenty years. Id. § 40-35-112(b)(2). The sentence to be imposed by the trial court for a Class B felony is presumptively the minimum in the range if neither enhancement nor mitigating factors are present. Id. § 40-35-210(c). Procedurally, the trial court is to increase the sentence within the range based upon the existence of enhancement factors and, then, reduce the sentence as appropriate for any mitigating factors. Id. § 40-35-210(e). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. Id. § 40-35-210, Sentencing Commission Comments; State v. Palmer, 10 S.W.3d 638, 646 (Tenn. Crim. App. 1999). In this case, the defendant's sentence was sixteen years, the midpoint in the range.

The defendant concedes that enhancement factors (1), a previous criminal history, and (13)(C), probationary status at the time of the commission of the present offense, apply. Tenn. Code Ann. § 40-35-114(1), (13)(C). He claims, however, that the court improperly relied on the defendant's probation status at the time he committed the instant offenses, rather than on a *previous* unwillingness to comply with conditions of a sentence involving release into the community, in applying factor (8). Id. § 40-35-114(8)(Emphasis added).[1] While it is true that a "previous unwillingness" may not be found based solely on evidence that a defendant committed the instant offense while on probation, State v. Hayes, 899 S.W.2d 175, 186 (Tenn. Crim. App. 1995), we have

---

[1]The trial court held that enhancement factor (8) was "supported by the fact that [the defendant] was, in fact, on probation at the time when he committed these robberies."

3

previously held "that a defendant being sentenced for a series of offenses committed over time while on probation could be viewed, for sentencing for the most recent offenses, as having a proven previous history of unwillingness to abide by community release conditions by virtue of the earlier offenses for which sentencing is to occur." Id. In this case, the defendant committed all three robberies while on probation in Williamson County. Thus, the defendant's probationary status at the time he committed the robberies standing alone, could only be used to enhance the sentences for the last two robberies.

However, we find that the trial court also properly applied enhancement factor (8) as to the first robbery, because the record indicates that the defendant had previously violated probation in Giles County before violating his Williamson County probation. Accordingly, we find that the application of enhancement factor (8) was appropriate in all three sentences. See State v. Anderson, 985 S.W.2d 9, 20 (Tenn. Crim. App. 1997)(citing State v. Hayes, 899 S.W.2d at 186 as standing for the proposition that enhancement based on factors (8) and (13) does not unfairly enhance the defendant's sentence twice for the same conduct).

The defendant also complains that the trial court should have considered several mitigating factors. He first claims that the trial court should have applied mitigating factor (12), that the defendant acted under duress or under the domination of another person. Tenn. Code Ann. § 40-35-113(12). As support for this factor, the defendant refers to his own testimony that his codefendant influenced his participation in the crimes. The defendant also claims that the trial court should have considered the defendant's guilty plea and his unfortunate background as mitigating factors under the "catch-all" provision of the statute. Tenn. Code Ann. § 40-35-113(13).

We conclude that the trial court properly declined to apply these factors in mitigation. First, there was no evidence that the defendant was under anyone's domination when he committed the robberies. The testimony at the sentencing hearing indicated that the defendant voluntarily participated in the crimes; indeed, the defendant stated that he took responsibility for his decision to rob the stores. Furthermore, a guilty plea does not automatically entitle a defendant to mitigation. The trial court is in a much better position than this Court to determine whether, given all of the circumstances, a decision to plead guilty instead of proceed to trial should be considered mitigating. Finally, although the defendant had a history of drug use, was raised in a single parent home and was involved in gangs, we find that the trial court properly exercised its discretion when it declined to find the defendant's background mitigating. In short, we find the trial court's sentences of sixteen years for each aggravated burglary appropriate.
This issue is without merit.


**Consecutive Sentences**

Next, the defendant challenges the trial court's imposition of consecutive sentences. Specifically, he argues that the trial court erroneously determined that he was a professional criminal, that he was a dangerous offender and that he had an extensive criminal history which would warrant consecutive sentences. See Tenn. Code Ann. § 40-35-115(b)(1), (2), (4).

Consecutive sentencing is governed by Tenn. Code Ann. § 40-35-115. A trial court may order sentences to run consecutively if it finds that one or more of the statutory criteria exists by a preponderance of the evidence. Tenn. Code Ann. § 40-35-115(b); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Under Tenn. Code Ann. § 40-35-115(b)(6), a trial court may impose

4

consecutive sentences after determining that the defendant committed the offenses while on probation for another offense. It is undisputed that the defendant committed the present offenses while he was on probation. Thus, because the trial court need only find one of the statutory criteria to exist to justify consecutive sentencing, the trial court's imposition of consecutive sentences was clearly proper in this case.[2] This issue is without merit.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

---

[2]Because consecutive sentencing was proper under the statute, this Court need not determine whether the trial court erred in finding that the defendant was a professional criminal, had an extensive record of criminal activity, or was a dangerous offender. Tenn. Code Ann. §§ 40-35-115(b)(1), (2), (4).